## Louis J. Blum et al., Defendants in Error, v. Joseph Brown & Company, Plaintiff in Error.

### Gen. No. 21,124.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed March 15, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Blum v. Joseph Brown & Co., 192 Ill. App. 70.

## Statement of the Case.

Motion to strike from the record an alleged statement of facts and bill of exceptions on the ground that same had not been presented in time. The time for the presentation of the statement of facts expired January 1, 1915, but it was not actually presented and certified to until January 2, 1915.

A. L. WEBER, for plaintiff in error.

BLUM & BLUM, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 951*—*when statement of facts stricken.* A statement of facts will be stricken from the record where it appears that the time for the presentment and signing of same expired January 1st and same was presented, signed and sealed on January 2nd.

2. HOLIDAYS,—*when New Year's Day not a holiday.* The fact that New Year's Day is a holiday under the Negotiable Instruments Act does not excuse failure to present and have properly authenticated a statement of facts, the last day for the presentment and signing of which expired on that day.

3. COSTS, § 67*—*when damages not allowed for writ of error sued out for delay.* Where the statement of facts is stricken from the record as not signed in time, damages cannot be assessed, since the court cannot assume that the writ of error was sued out for delay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.